Argued and submitted October 14, reversed and remanded December 18, 1985

# MUSCATELL,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (85-AB-160; CA A34979)
711 P2d 192

Mark B. Williams, Portland, argued the cause for petitioner. With him on the brief was Amy Veranth, Portland.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Oregon Oyster Company.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner seeks review of an Employment Appeals Board (EAB) order which disqualified him from receiving unemployment compensation. ORS 675.176. We reverse and remand.

Petitioner worked for respondent employer from June, 1983, until October 27, 1984. He had previously been fired on June 10, 1984, for failing to meet employer's cooking standards but was reinstated pursuant to his union's grievance procedure. For the remainder of his employment tenure, his job performance fluctuated between acceptable and poor. He was confronted on several occasions by his supervisor regarding poor performance.

Following his second—and final—termination, petitioner applied for and was granted unemployment benefits by administrative decision. Employer requested a hearing. The referee found that petitioner was discharged after being corrected on a number of occasions by the kitchen manager for improper food preparation. The referee also found that one reason for petitioner's discharge was the alleged beating and robbing of a co-worker away from employer's premises. The referee concluded that petitioner's performance was deficient but not as a result of wrongful intent or wilful misconduct. Further, the referee concluded that the incident with the co-worker was not work-related to a degree that it could be considered disqualifying misconduct.

EAB reversed the referee's decision, ruling that petitioner was discharged for misconduct connected with his work. The Board found that petitioner was discharged for disregarding employer's established policies and procedures and concluded:

> "The evidence preponderates to show, at the least, recurring negligence which demonstrates wrongful intent. In some specifics, such as not weighing food portions, his failure to meet the employer's standards must be considered deliberate."

This petition for judicial review followed.

EAB's opinion is deficient to the extent that remand for reconsideration is necessary. For example, it failed to make

any finding on credibility or explain its apparent disagreement with the referee's implicit finding that petitioner was credible. This is particularly relevant to EAB's finding that petitioner's alleged misconduct was, in part, deliberate. *See, e.g., Steinkellner v. Employment Division,* 67 Or App 50, 676 P2d 941 (1984). However, petitioner argues that EAB's failure to consider the referee's finding that petitioner's discharge was based, at least in part, on an off-duty incident with another employe, should lead us to the conclusion that an outright reversal is in order. We turn to a consideration of that argument.

■ The testimony at the hearing makes it clear that petitioner's job performance had been considered inadequate by his employer for some time. Indeed, four months before his final termination, petitioner had been discharged for his poor cooking abilities. What precipitated petitioner's final discharge was the off-duty incident with the co-employe. Employer's representative referred to the incident as "the last straw that broke the camel's back" and later stated that "I cannot have a person working for us who's going to take advantage of the handicapped people working for us, to do this kind of stuff." From that testimony, petitioner argues that the incident which precipitated his discharge was away from the employer's premises and outside the course and scope of his employment. *See Giese v. Employment Division,* 27 Or App 929, 557 P2d 1354 (1976), *rev den* 277 Or 491 (1977).

*Giese* involved a Portland State University employe who was discharged because he was convicted of conspiring to damage or blow up certain federal buildings. EAB held that such activities—the misconduct and the conviction—were not "misconduct in connection with the work." On the university's petition for review, we agreed. We explained:

> "We conclude that the phrase 'connected with his work' was added to our statute by the legislature to draw a distinction between misconduct while off-duty and misconduct in the course and scope of employment.
>
> "* * * * *
>
> "We believe that where the conduct or activities for which the claimant is discharged occurred off the working premises and outside the course and scope of employment, the employer must, in order to show that the conduct is work-

connected, point to some breach of a rule or regulation that has a reasonable relation to the conduct of the employer's business." 27 Or App at 934-35.

In view of the foregoing language, petitioner's reliance on *Giese* is understandable. However, the key to the *Giese* decision was the total lack of connection between Giese's work and the conspiracy. Here, by contrast, we believe that EAB would be entitled to conclude that beating up and robbing a fellow employe, whether on the job or otherwise, was so connected with the work—because it insures an intolerable level of tension, if not downright fear, on the job—that a discharge for doing it would meet the statutory criteria. Petitioner's assertion that he is entitled to a reversal, rather than a remand, is, therefore, not well taken. On remand, the Board must address this issue. *See* ORS 183.470(2); *Trebesch v. Employment Division,* 68 Or App 464, 683 P2d 1018, *aff'd* 300 Or 264, 710 P2d 136 (1985).

Reversed and remanded for reconsideration.