Submitted on record and brief September 16, 1987, reversed and remanded for reconsideration August 10, 1988

**FLAUCHER,**
*Petitioner,*

*v.*

**EMPLOYMENT DIVISION et al,**
*Respondents.*

(EAB 86-AB-764-A; CA A42619)

758 P2d 422

Roger J. Flaucher, Dundee, filed the brief *pro se* for petitioner.

No appearance for respondent Employment Division.

No appearance for respondent United States Postal Service.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

Warren, J., concurring.

## BUTTLER, P. J.

Claimant seeks judicial review of an order of the Employment Appeals Board (EAB) adopting the referee's decision denying his claim for unemployment benefits. We reverse and remand.

The referee made these findings:

"(1) Claimant was employed four years as a mail carrier by the [United States Postal Service], last working in its post office in Newberg, Oregon. (2) A co-worker said or did things frequently which claimant construed to be harassment and adverse to his performance of his work. (3) Complaints to the postmaster and assistant postmaster did not result in corrective action which claimant believed appropriate. (4) Claimant is the alternate shop steward for his union in the work group, but did not use the grievance process for identifying conditions that should be, but were not being, corrected by management. (5) On December 5, 1985, claimant waited for the co-worker after work hours and just off the employer's premises. (6) When the co-worker walked up to the area where claimant was waiting, apparently in a challenging mood or attitude, claimant assaulted him causing bruises and contusions to the co-worker's body. (7) The co-worker missed the next several days of work due to the injuries sustained in the altercation. (8) The co-worker, after being struck by claimant, attempted to hit the claimant, but the blow was warded off. (9) Both employes were still wearing their mail carrier uniforms which identified them as employes of the U.S. Postal Service. (10) The employer investigated the incident and, based upon the reported sequence of events, discharged claimant on January 17, 1986."

Claimant filed a grievance against his employer and was reinstated without back pay on September 15, 1986.[1] Several witnesses testified at the grievance hearing that Wright, the employe with whom claimant had the altercation, often acted in a vulgar, obnoxious and occasionally physically abusive fashion toward other employes at the post office.

■ The referee denied benefits on the ground that claimant had been "discharged for misconduct connected with

---

[1] Claimant requested that EAB reconsider its decision on the basis of the findings and conclusions of the grievance arbitrator. EAB accepted the arbitrator's order into the record and reaffirmed its decision, with one member dissenting.

work." ORS 657.176(2). OAR 471-30-038(3) defines such misconduct:

"Under the provisions of ORS 657.176(2)(a) and (b), misconduct is a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interest, or recurring negligence which demonstrates wrongful intent is misconduct. Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct for purposes of denying benefits under ORS 657.176."

Claimant contends that the evidence does not support the referee's findings and that substantial evidence is lacking to support the order. ORS 183.470(2); ORS 183.482(8)(c). He argues that, even if his actions can be characterized as misconduct, they were not "connected with work," as required by ORS 657.176(2). That contention is based on the circumstances of the altercation: both claimant and Wright were off duty and the fight occurred outside the post office premises. However, there is substantial evidence to support the conclusion that the altercation was connected with work. The dispute between claimant and Wright had its genesis in the workplace; the altercation occurred immediately adjacent to the post office premises, immediately after both men had left work for the day and while they were still wearing postal service uniforms. Therefore, EAB's conclusion that claimant's actions were work-related is supported by the evidence.

Claimant also argues that EAB's conclusion that his actions were misconduct under OAR 471-30-038(3) is not supported by substantial evidence. Under that rule, the inquiry has two stages: first, was claimant's conduct a "wilful violation of the standards of behavior which an employer has the right to expect of an employe;" second, if so, do the rule's exclusions from the definition of misconduct, specifically, "isolated instances of poor judgment," apply? *Bunnell v. Employment Division,* 304 Or 11, 16, 741 P2d 887 (1987).

The referee's order does not reflect a consideration of whether claimant's conduct was an isolated instance of poor judgment. EAB adopted the referee's order and reaffirmed it

on reconsideration. EAB also failed to address that issue. Because *Bunnell* requires that it do so, we remand to EAB for reconsideration of whether claimant's action was an isolated instance of poor judgment.

Reversed and remanded for reconsideration.

**WARREN, J.,** concurring.

I concur, because the result in this case is required by *Bunnell v. Employment Division,* 304 Or 11, 741 P2d 887 (1987). Presumably the same result would be required if claimant had deliberately shot a coworker between the eyes, if he had not engaged in that misconduct before. As the Supreme Court noted in *Bunnell,* the definition of misconduct excludes isolated instances of poor judgment. 304 Or at 16. When EAB finds disqualifying misconduct, it in effect has already decided that the conduct was a willful violation of the standards of behavior that an employer has a right to expect and presumably has considered and decided that none of the exclusions from the definition of misconduct apply. The Supreme Court also said that the administrative rule was unclear as to "whether every willful violation of the standard of behavior which an employer has the right to expect is misconduct or whether an isolated act can be an isolated instance of poor judgment even though wilfull." 304 Or at 15. Given the rule's lack of clarity, if it is indeed unclear, it is still a mystery to me why EAB's interpretation of its own rule is not a permissible one and binding on the courts.