Submitted on record and petitioner's brief June 22, affirmed December 12, 1990

## Bert TEAMEY, D.D.S.,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION
### and Ellen S. Sparks,
*Respondents.*

(89-AB-667; CA A61138)

802 P2d 680

Bert Teamey, Klamath Falls, filed the brief *pro se* for petitioner.

Jerome Lidz, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Ellen S. Sparks.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

De Muniz, J., dissenting.

## ROSSMAN, J.

Employer seeks review of an Employment Appeals Board (EAB) decision that allowed unemployment benefits to claimant. EAB concluded that claimant voluntarily quit her job, but that she did so with "good cause." ORS 657.176(2)(c);[1] OAR 471-30-038(4). We affirm.

After her request for unemployment benefits was denied in an administrative decision,[2] claimant requested a hearing. Only she and employer testified. The referee set aside the administrative decision. He made these findings of fact:

"(1) Claimant worked for employer from December 6, 1988 until she quit effective February 10, 1989. (2) She was the business manager/receptionist in employer's sole practitioner dental office. (3) Claimant had enjoyed a good personal employer/employe relationship with employer prior to the week starting February 6, 1989. (4) On Wednesday, February 8, claimant received a call from her husband, while at work, where she was informed that he had received a long awaited promotion which would necessitate a transfer to the coast. (5) Employer did not speak to claimant the rest of the day and ignored her when she attempted conversation. (6) During the day, claimant heard employer make remarks to patients that it was impossible to keep employes there. (7) Towards the end of the day, employer said to claimant that he needed to find a replacement for her job. (8) Claimant attempted to talk to employer and explain that she was not planning to relocate for

[1] ORS 657.176(2) provides, in relevant part:

"An individual shall be disqualified from the receipt of benefits * * * if the authorized representative designated by the assistant director finds that the individual:

"* * * * *

"(c) Voluntarily left work without good cause[.]"

[2] The administrative decision was based on these findings:

"1. You were employed by Dr. Bert Teamey from December 6, 1988 until February 10, 1989.

"2. Your employer learned from statements you made in the office that you might be leaving as your husband was to be transferred with his employer.

"3. You had a discussion on February 9, 1989 about billing and job stress, which ended with your employer saying that you talked too much.

"4. You worked half a day on February 10, 1989 leaving a note indicating that you were terminating your employment.

"5. You did not return to work and received your final check by mail along with a letter expressing surprise at your resignation."

at least three to six months and maybe even the following year when her 17-year-old son would graduate from high school in Klamath Falls. (9) Employer became abrupt and stated that as far as he was concerned, claimant could leave tomorrow. (10) There was other communication at that time and employer eventually told claimant to shut up. (11) On Friday, February 10, employer was still distant from claimant and would not communicate with her. (12) He reiterated the fact that as far as he was concerned she could leave the job now. (13) Claimant enjoyed her work and needed the job as she has three children at home and her husband had just recently become reemployed. (14) She had left another position to come to work for employer because she felt she would enjoy working for him. (15) After the confrontations and attitude displayed by employer during claimant's last week of work, she felt that she could no longer work for employer and quit."

In his decision, the referee cited OAR 471-30-038(4). That rule defines "good cause":

"Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work."

The referee applied that rule to the facts in this case and concluded:

"Claimant testified credibly and has established the existence of a grave situation that left it impossible for her to work for employer after February 10, 1989. The evidence presented by both claimant and employer was completely conflicting. The persuasive evidence is that claimant enjoyed her job and needed her job and had absolutely no motive to have quit this position other than a complete communication breakdown between herself and employer as she has expressed. Claimant was a good loyal worker who enjoyed her job and had absolutely no reason to fabricate these events that led to the ending of her job and her request for unemployment insurance."

Employer requested EAB review. EAB adopted the referee's decision and added this reasoning:

"The referee found the claimant credible and we find nothing in this record that would compel us to reverse that finding. Because the situation between the claimant and the employer deteriorated to the point that there was no communication, we conclude that the claimant was faced with a situation so

severe that it left her without reasonable alternative to quitting. Because the claimant left work with good cause, a disqualification from benefits is not appropriate."

Employer has petitioned for review.[3]

■ ORS 183.482(7) provides, in pertinent part:

"Review of a contested case shall be confined to the record, the court shall not substitute its judgment for that of the agency as to any issue of fact or agency discretion."

Thus, on review, we examine the record for substantial evidence. *See Garcia v. Boise Cascade Corp.,* 94 Or App 362, 364, 756 P2d 1245 (1988).

■■ Employer argues that EAB's findings were inaccurate and, therefore, do not support its conclusion that claimant left work with "good cause." The circumstances under which a claimant voluntarily left work, and the reasons for that decision, are questions to be determined by the trier of fact, *i.e.,* EAB. We conclude that EAB's findings are supported by substantial evidence. Although employer's testimony conflicted with claimant's, EAB adopted the referee's finding that claimant is credible.

■ Employer also argues that, even given the facts as found by EAB, claimant had reasonable alternatives to leaving work, *i.e.,* she could have tried to resolve the dispute with employer or stayed at work, even if the dispute continued. EAB found that employer would not communicate with claimant except to state several times that "as far as he was concerned she could leave the job now." That finding supports the conclusion that claimant had no reasonable alternative but to leave work. Therefore, because EAB's findings are supported by substantial evidence, and because the findings support the conclusion that claimant voluntarily left work with good cause, claimant is not disqualified from receiving unemployment compensation.

Affirmed.

**DE MUNIZ, J.,** dissenting.

In *Stevenson v. Morgan,* 17 Or App 428, 431, 522 P2d 1204 (1974), we characterized the determination of "good

---

[3] Neither claimant nor Division has filed a brief in this court.

cause" as a mixed question of fact and law. However, since that time, the Oregon Supreme Court has instructed that we must "separat[e] the elements of the mixture that are 'facts' from those that interpret the law." *McPherson v. Employment Division,* 285 Or 541, 547, 591 P2d 1381 (1979).

The reasons that claimant gave for quitting and the events that led up to that decision are questions of fact. *McPherson v. Employment Division, supra,* 285 Or at 547-48. The term "good cause" in ORS 657.176(2)(c) is a term of delegation, *see Springfield Education Assn. v. School Dist.,* 290 Or 217, 228-30, 621 P2d 547 (1980), pursuant to which the Employment Division must "complet[e] a value judgment that the legislature itself has only indicated." *McPherson v. Employment Division, supra,* 295 Or at 550. The agency exercised its discretion and interpreted ORS 657.176(2)(c) through the promulgation of OAR 471-30-038(4). To establish "good cause," claimant must show that her reasons for voluntarily terminating her employment were "of such gravity" that she "ha[d] no reasonable alternative but to leave work." *Glide Lumber Prod. Co. v. Emp. Div. (Coats),* 87 Or App 152, 155, 741 P2d 904 (1987).

The standards expressed in the rule are well within the "range of * * * responsibility" that the legislature gave the agency. *McPherson v. Employment Division, supra,* 285 Or at 550; *see Stevenson v. Morgan, supra,* 17 Or App at 432-34. However, the facts claimant established fail to meet the standard expressed in the rule. *Londahl v. Employment Division,* 72 Or App 366, 369, 695 P2d 1388 (1985). Consequently, the EAB "has erroneously interpreted a provision of law." ORS 183.482(8)(a).

In this case, the referee found that employer became angry after claimant informed him that her husband had received a promotion that would require him to transfer to the coast. For two days running, employer gave claimant the cold shoulder. Claimant tried to explain that she wanted to remain employed, but employer retorted that as far as he was concerned, she could leave then. In the course of one or more conversations, employer told claimant to shut up. Claimant

quit. The referee's findings of fact are supported by substantial evidence. ORS 183.482(8)(c).[1] However, ultimately, the determination of whether specified conduct constitutes "good cause" as used in the statute and defined in the administrative rule is not a question of fact, but one of law. *McPherson v. Employment Division, supra,* 285 Or at 548.

It is significant that the administrative rule establishes an objective test. The events leading up to the decision to quit must be such that a "reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work." Those events must be "of such gravity" that a worker would have "no reasonable alternative but to leave work." OAR 471-30-038(4).

The facts do not satisfy the test that the agency has established. It is common in social interaction at work for an employee to have disagreements, sometimes heated ones, with employers and other employees. The evidence in this case demonstrates a run-of-the-mill dispute of relatively short duration, 48 hours. No person of normal sensitivity could have concluded that it constituted a situation of such gravity that no reasonable alternative existed but to leave the workplace. Persons of normal sensitivity usually let time pass after an argument with an employer to "let the dust settle." This is particularly true when, as here, previous relations have been amiable. There is nothing in the record to suggest that claimant had had a long-standing problem with her employer and that this incident was "the last straw." She liked working there; she needed her job. A person of normal sensitivity would have taken the reasonable alternative of waiting at least for the weekend to pass to see if employer's "attitude" would change with time.

In reaching my conclusion, I am not substituting my judgment for that of the agency as to any issue of fact or

---

[1] ORS 183.482(8)(c) provides:

"The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

Employer argues that the dispute in this case began on Thursday, not on Wednesday, as the referee found. However, employer gave testimony, perhaps incorrect testimony, from which the referee could have found that the dispute began on Wednesday.

agency discretion. I have no reason to question either claimant's credibility or her sincerity in feeling that *she* had no alternative but to quit her job, but that is not the test that the Employment Division has established in its rule. EAB erred in concluding that the facts, as found by the referee, satisfied the "good cause" standard defined in OAR 471-30-038(4). I would reverse and hold that claimant is not entitled to unemployment benefits.