Argued and submitted September 17, affirmed December 4, 1996

# SABIN COMMUNITY DEVELOPMENT CORP.,
*Petitioner,*

*v.*

# EMPLOYMENT DEPARTMENT
and Sharee Rhone,
*Respondents.*

## (95-AB-255; CA A89981)

928 P2d 356

Teresa H. Pearson argued the cause for petitioner. With her on the brief were Charles R. Markley and Greene & Markley, P.C.

Philip Schradle, Assistant Attorney General, waived appearance for respondent Employment Department.

No appearance by respondent Sharee Rhone.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

PER CURIAM

Warren, P. J., dissenting.

## PER CURIAM

Employer seeks review of an order of the Employment Appeals Board (EAB) that reversed the administrative law judge's decision and awarded claimant benefits on the grounds that she had good cause to leave her employment. ORS 657.176(2)(c); OAR 471-30-038(4). EAB ruled:

> "We conclude that a reasonable and prudent person, whose reputation was placed at risk by the conduct of an employer, and her work on the employer's behalf, would leave work. Further, we find that the stress that claimant suffered, which caused her to break out in hives, was such that she faced a grave situation. * * * We conclude that, both because of her health concerns and because of her concerns regarding her reputation, claimant had good cause to leave work."

On review of the whole record, we conclude that EAB's findings are supported by substantial evidence and affirm. ORS 183.482(8)(c).

Affirmed.

**WARREN, P. J.,** dissenting.

The majority affirms the EAB because it concludes that substantial evidence supports the EAB's conclusion that claimant had good cause to leave work. ORS 657.176(2)(c); OAR 471-30-038(4). I dissent because, on examination, the EAB's order is unsupported by substantial evidence and fails to explain how its findings support its conclusion. Accordingly, I would remand for reconsideration.

The EAB made the following pertinent findings of fact:

> "(6) Claimant worked for Sabin Community Development Corp. as a project manager, from late October, 1993, to July 8, 1994. (7) *She quit, in part because she believed that the employer was inadequately servicing its project participants and feared that her reputation in the community would be damaged by her association with it. (8) She also quit because of stress that she experienced from work.*
>
> "(9) The employer provided low cost housing to 'women of color that were in recovery' and were in transition back into

the general community from such places as correctional institutions or substance abuse centers. (10) The employer also assisted project participants in contacting other social service agencies and provided clients with rental assistance, when necessary.

"(11) *Claimant had many conflicts with her supervisor, the employer's executive director. (12) She felt like she had to fight for everything that she wished to provide for the project participants.* (13) For example, she had to make a special effort to get the employer to provide refreshments at a project training session. (14) Claimant also believed that the executive director lacked sensitivity to cultural issues and interacted with project participants in a condescending or disrespectful way. (15) *More than one project participant told claimant that she felt that the executive director 'talked down' to her.*

"(16) *Claimant thought that the employer failed to fulfill its commitments to its project participants and to its funding organizations.*[1] (17) For instance, although the employer was to make properties ready for occupancy before making them available for rent to project participants, the employer left one property with debris in the yard and its stairway blocked by bushes after the date on which claimant had committed it for occupancy. (18) A unit at the property was also without heat or a functioning refrigerator over the course of several days. (19) *At least one community member, who was a 'mentor' for project participants, believed that the employer failed to adequately support claimant's efforts.*

"(20) Claimant is a well respected civil rights activist in the community. (21) She is president of a local chapter of the National Association for the Advancement of Colored People (NAACP). (22) Members of the community relied on her trustworthiness when choosing to become associated with the employer. (23) The employer sometimes used claimant's association with the NAACP as an indication of her esteem, when remarking in publications or at speaking engagements on claimant's connection with the employer's project. (24) *When claimant came to the conclusion that the employer was failing to satisfy its commitments, she became fearful that her reputation as a trustworthy community*

---

[1] The employer is a nonprofit corporation, which relies on funds provided by other groups.

*activist was at risk.* (25) Claimant raised her concerns with members of the employer's board of directors during her last months of her employment, but not all issues were resolved. (26) The employer arranged for mediation between claimant and the executive director, but came to the conclusion that the two individuals were too far apart on some issues to reach any reconciliation.

"(27) *Claimant suffered stress over the conflicts she experienced at work.* (28) *She broke out in hives on her face.* (29) She consulted a nurse practitioner, who told claimant that she needed to reduce some stress in her life. (30) The sources of stress in claimant's life arose principally from work. (31) *She also took some herbal remedies for the stress, but eventually ceased because they were too expensive.*" (Emphasis supplied; citations omitted.)

Based on these findings, EAB ultimately concluded that claimant left work for "good cause" on two independent and alternate grounds: (1) her employer's conduct placed her good reputation in the community in grave danger, and (2) due to the repeated conflicts claimant had with her supervisor, she suffered from hives, which placed her health in grave danger.

Our first inquiry on review is to examine the record to determine whether EAB's findings are supported by substantial evidence. ORS 183.482(8)(c); *Crane v. Employment Division*, 118 Or App 392, 847 P2d 886 (1993).

On review, employer makes two assignments of error. Employer first assigns error to EAB's determination that "claimant's subjective belief that her reputation in the community would be harmed if she continued to work for the Employer constituted good cause for her voluntarily to leave her employment." Employer argues that EAB erred because the "reasonable person" standard in OAR 471-30-038(4) is an objective one and there is no evidence in the record that employer's conduct placed claimant's good reputation in the community at risk or that members of the community were likely to think less of claimant as a result of her working for and associating with employer. Employer is correct. On review of the whole record, there is no evidentiary basis for claimant's belief. Her subjective belief, no matter how earnestly held, must be objectively reasonable, and EAB erred in basing its decision entirely on claimant's subjective belief.

Employer next assigns error to EAB's conclusion that "[c]laimant's symptoms of stress presented her with such a grave situation that she had no reasonable alterative but to leave work." Claimant's uncontroverted testimony established that she suffered from hives.[2] EAB found that claimant's condition resulted from the stress of her repeated conflicts with her supervisor. EAB further found that claimant failed in her attempts to reconcile her differences with her supervisor and that, after consultation with a nurse practitioner, she took some herbal remedies for her condition. EAB's findings provide that claimant discontinued use of the herbal remedy only because of its cost. There is substantial evidence in the record to support those findings. It is on those grounds, however, that EAB decided that claimant's concerns over her health constituted good cause to leave her employment. That conclusion is not supported by the evidence. There is certainly no medical evidence supporting that finding and claimant's testimony, even if taken as true, does not show that she had no reasonable alternatives to quitting. Rather, claimant testified below that her hives were treatable and that her condition had improved with a herbal treatment. Without belaboring the point, a reading of the record in this regard raises more questions than answers. On this record, EAB fails to explain why under these circumstances claimant had no reasonable alternative but to leave work. EAB's findings lack the evidentiary basis required by law, and employer is entitled to a remand for reconsideration.

Accordingly, I dissent.

---

[2] Uncontroverted testimony from an otherwise credible witness is sufficient to establish health problems. *Charbonneau v. Employment Division*, 75 Or App 78, 81, 705 P2d 230 (1985).