Argued and submitted February 26, affirmed July 2, 1997

Ruth M. LEVU,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Days Inn - The Dalles,
*Respondents.*

(96-AB-1274; CA A94012)

941 P2d 1056

Ellen Mendoza argued the cause for petitioner. With her on the brief was Oregon Legal Services Corp.

Philip Schradle waived appearance for respondent Employment Department.

No appearance by respondent Days Inn - The Dalles.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Claimant was a night auditor for a hotel. She was discharged after she was convicted of shoplifting. Claimant seeks review of the Employment Appeal Board's (EAB) denial of unemployment benefits. The issue is whether an employee's unlawful activities during off-duty hours constituted "misconduct connected with work," disqualifying her from receiving unemployment compensation benefits. ORS 657.176(2)(a); OAR 471-30-038(3). We review the Board's legal conclusion for errors of law, ORS 183.482(8)(a), and look to see that its findings are supported by substantial evidence in the record, ORS 183.482(8)(c), and affirm.

The following facts are not disputed. Claimant worked for Days Inn - The Dalles (employer) as a night auditor from 1990 to 1991 and again from September 2, 1993 to March 5, 1996. Her duties included working the cash register, handling cash, and balancing the books for the day. Employer gave claimant an employee handbook that provided, *inter alia*, that employer would discipline any employee who did anything, on or off the hotel premises, that would "be considered a discredit to the Hotel or its staff." Claimant's job performance was satisfactory.

On February 21, 1996, claimant shoplifted at a local Payless store and was charged with a misdemeanor. The manager of that Payless store was a frequent guest at the hotel and was staying at the hotel at the time. Employer immediately suspended claimant and later discharged her because it thought that her action reflected poorly on the hotel and because the hotel's manager no longer had confidence in her honesty and integrity. Claimant signed a written admission of the theft and was later convicted of shoplifting. In her written statement to the Employment Department, claimant said that she knew that what she had done was wrong.

Claimant applied for unemployment insurance benefits. ORS 657.176(2) authorizes the disqualification of a person for unemployment benefits to which she would otherwise be entitled if she is "discharged for misconduct connected with work." OAR 471-30-038 provides, in part:

"(3)(a)   As used in ORS 657.176(2)(a) and (b), a willful or wantonly negligent violation of the standards of behavior which an employer has the right to expect of an employee is misconduct. An act or series of actions that amount to a willful or wantonly negligent disregard of an employer's interest is misconduct.

"(b)   Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct."  .

Pursuant to an administrative decision of the Employment Department, claimant was granted unemployment benefits. Employer sought review of that decision and a hearing was held on May 16, 1996. The administrative law judge (ALJ) held that claimant was entitled to continue receiving benefits because employer had not established that she was disqualified on the ground that she had been discharged for "misconduct in connection with work" under ORS 657.176(2)(b) and OAR 471-30-038(3). Employer sought review before the Employment Appeals Board (EAB), which reversed. EAB explained:

"The employer discharged claimant because she was convicted of shoplifting. The employer thought that claimant's conduct reflected discredit upon the employer, and he lost confidence in claimant's honesty and integrity. Although an employer may have a reasonable right to expect that an employee will not engage in non-work related activity which would reflect poorly on the employer in the eyes of the public, the employer failed to provide any evidence to show that any member of the public knew that claimant worked for the employer and felt that her conduct reflected on the employer. In this respect, we cannot conclude that claimant wilfully or wantonly violated the employer's reasonably expected standard of behavior.

"However, an employer also has a reasonable right to expect an employee to be honest. Claimant committed a theft. That was a dishonest act. Claimant's conduct was connected with work, inasmuch as it resulted in an actual impact in the workplace. The employer lost faith and trust in claimant's honesty and integrity. *See Glide Lumber Products Co. v. Employment Division*, 86 Or App 669, 741

P2d 907 (1987). Claimant was convicted for shoplifting, a crime of theft, which implies an intent to permanently deprive another of property. Accordingly, we can reach no other conclusion but that claimant wilfully engaged in activity which made it impossible for her to comply with the employer's standards for honesty and integrity, which were an integral consideration in claimant's position of night auditor.

"Claimant's conduct cannot be excused as an isolated instance of poor judgment. The commission of a crime is more severe than a mere act of poor judgment. *See Bunnell v. Employment Division,* 304 Or 11, 741 P2d 887 (1987) (where the court acknowledged that an isolated act can be more severe than poor judgment). Furthermore, there is no evidence in the record that claimant made a good faith error.

"We conclude that the employer discharged claimant for misconduct. Therefore, claimant is not entitled to receive unemployment insurance benefits."

■ On review, claimant argues, *inter alia,* that EAB erred, as a matter of law, in applying OAR 471-30-038(3) and concluding that her illegal conduct was sufficiently "connected to work," and further, in concluding that her single, isolated incident of shoplifting did not constitute an example of poor judgment. Neither employer nor the Employment Department appeared on judicial review.

■ At the outset of our inquiry, we are mindful that an employer's justified dismissal of an employee is not always grounds for denying unemployment compensation benefits to the dismissed worker. *See, e.g., Giese v. Employment Division,* 27 Or App 929, 933, 557 P2d 1354 (1976), *rev den* 277 Or 491 (1977). We also recognize that the legislature added the phrase "connected with work" to our statute to draw a distinction between misconduct while off duty and away from the employer's premises and misconduct in the course and scope of employment. *Id.* at 934. In making our inquiry into whether claimant's off-duty conduct is "connected with work," we have generally looked at whether claimant's off-duty conduct had any actual impact in the workplace. *Glide Lumber Products Co. v. Employment Division,* 86 Or App 669, 741 P2d 907 (1987) (claimant dismissed for failing drug

test entitled to unemployment compensation benefits in the absence of evidence of on-the-job impairment resulting from drug use). In *Erne v. Employment Div.*, 109 Or App 629, 633, 820 P2d 875 (1991), we said:

> "Under ORS 657.176(2)(a) and OAR 471-30-038(3), off-duty conduct must affect or have a reasonable likelihood of affecting the employee's work or the employer's workplace in order to constitute work-connected misconduct."

The question here is whether an employee who holds a position of trust managing her employer's daily finances, and who is convicted of a crime of dishonesty for off-the-job conduct, is disqualified when that criminal episode breaks the employer's trust in the employee.

The argument for an affirmative answer is that an off-the-job activity that results in a complete breakdown of the employment relationship necessarily has an impact in the workplace. Claimant argues that that rationale "avoids any objective standard and reduces analysis of the employee's actions to the effect caused in the mind of the employer." We are not persuaded by that argument. Claimant worked at employer's cash register, handled cash and balanced the hotel's daily books; she does not dispute that she held a position of trust and that considerations of honesty and integrity were an integral consideration to her position as a night auditor. Employer's manager testified that he no longer had confidence in her integrity and honesty. Claimant did not seek to controvert that testimony, challenge it as a fabrication, or otherwise contend that the hotel manager's belief was unreasonable. Citing our decision in *Glide* and its progeny, claimant contends that "the only time honesty could be relevant is during work connected activities." EAB, however, could conclude that honesty and integrity are critical to an employment relationship in which the employee is entrusted with handling the employer's money and directing or accounting for its finances.

We have previously held that the "work-connectedness" of claimant's off-duty conduct is not limited to impairment of claimant's job performance or ability to do the job. It is enough that the ramifications that flow from claimant's actions negatively impact the morale or atmosphere of the

workplace. *See Muscatell v. Employment Div.*, 77 Or App 24, 28, 711 P2d 192 (1985) (claimant's action in beating and robbing fellow employee could likely result in "an intolerable level of tension, if not downright fear, on the job" so as to create the requisite work connection). To the extent that claimant's off-duty criminal act resulted in a breakdown of the employment relationship by creating an atmosphere of suspicion and distrust, and where, as here, the trust employer placed in claimant was an integral consideration for her position, we conclude that it meets the statutory criteria for denial of unemployment benefits. The EAB did not err in reaching that conclusion.

Finally, claimant argues that EAB erred in its ruling that "the commission of a crime is more severe than a mere act of poor judgment." Her sole contention on review is that she exercised poor judgment because this was an "isolated incident not likely to be repeated" and was "not shown to be indicative of any dereliction of duty at work." However, the EAB found, and the record reveals,[1] that claimant knowingly and wilfully broke the law. EAB did not err in holding that claimant's conduct was not simply an incident of poor judgment.

Claimant's other arguments do not merit discussion.

Affirmed.

---

[1] Claimaint's admission to the Employment Department provides, in part:

"I knew it was wrong to shoplift but I did it anyway, and was charged for a misdeameanor crime."