On respondent Employment Department's petition for reconsideration filed March 28, reconsideration allowed; former opinion (248 Or App 754, 273 P3d 375) withdrawn; affirmed June 6, 2012

Shannon L. HOLBROOK,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Providence Health System,
*Respondents.*

Employment Appeals Board
11AB0297; A147962

287 P3d 424

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Denise G. Fjordbeck, Attorney-in-Charge, Civil/Administrative Appeals, for petition.

Before Duncan, Presiding Judge, and Haselton, Chief Judge, and Rasmussen, Judge pro tempore.

HASELTON, C. J.

**HASELTON, C. J.**

Respondent Employment Department petitions for reconsideration of our decision in *Holbrook v. Employment Dept.*, 248 Or App 754, 273 P3d 375 (2012), in which we reversed and remanded the order of the Employment Appeals Board (EAB) for reconsideration, citing *Opp v. Employment Dept.*, 242 Or App 673, 259 P3d 15 (2011). In *Opp*, we had held that, where EAB affirms the order of an administrative law judge without opinion, EAB's order is "insufficient to meet the standards of ORS 183.470(2)" and we must remand the case to EAB to make findings and explain how those findings support its conclusion. 242 Or App at 676. However, as the department correctly notes in its petition for reconsideration, before we issued our decision in this case, EAB had withdrawn its original order and filed an order on reconsideration in which it made factual findings and explained why its findings support its determination that claimant is not entitled to unemployment benefits. For that reason, we erred in reversing and remanding EAB's order in light of *Opp*. Accordingly, we allow the department's petition for reconsideration and address the merits of claimant's appeal.

As to the merits, we write briefly to address claimant's contention that EAB erred in determining that her actions were connected with work and reject her other contentions without discussion. We state the facts consistently with those found by EAB, which are supported by substantial evidence in the record. Claimant was a security officer whose employment duties involved driving an employer-owned vehicle. Because employer insured employees who drove its vehicles, employer had a policy that prohibited high-risk drivers from operating those vehicles. In sum, the policy assigned points to various traffic violations and prohibited an employee from driving an employer's vehicle if the employee incurred more than five points on his or her driving record. Because claimant had committed several traffic violations for speeding and had incurred more than five points on her driving record, employer and claimant agreed to a work plan under which claimant was prohibited from driving employer's vehicles for a period of time.[1] Further, the work

---

[1] Further, the work plan stated, in part, "This work plan cannot be kept completely confidential since other security staff members will need to pick up work

plan indicated that, if claimant committed any further traffic violations causing her to incur more points on her driving record, she could be terminated. Thereafter, in July 2010, claimant committed another traffic violation by exceeding the posted speed limit while driving a vehicle off duty. Employer discharged claimant for violating her work plan by committing the July 2010 traffic violation.

EAB reasoned that, "[b]ecause the employer discharged claimant for off-duty conduct, the first issue is whether claimant's conduct was 'connected with work,' so that the employer had the right to prohibit such conduct." Ultimately, EAB determined that claimant's off-duty conduct—that is, her off-duty driving record—was connected with work. Specifically, EAB reasoned that, "[b]ecause the employer insured employees who drove its vehicles, and reasonably did not want 'high risk drivers' operating its vehicles, we conclude that claimant's off-duty driving record was connected with her work for the employer." Under the circumstances of this case, we agree that EAB's determination is supported by substantial evidence and comports with substantial reason. *See Levu v. Employment Dept.*, 149 Or App 29, 33, 941 P2d 1056 (1997) ("In making our inquiry into whether claimant's off-duty conduct is 'connected with work,' we have generally looked at whether claimant's off-duty conduct had any actual impact in the workplace."); *Erne v. Employment Div.*, 109 Or App 629, 633, 820 P2d 875 (1991) ("[O]ff-duty conduct must affect or have a reasonable likelihood of affecting the employee's work or the employer's workplace in order to constitute work-connected misconduct.").

Reconsideration allowed; former opinion withdrawn; affirmed.

---

duties for [claimant], since she is not insurable to drive by the hospital insurance company rules."