Argued and submitted June 10, reversed and remanded September 28, 1983

KUSKE,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(82-AB-2140; A26781)

669 P2d 817

Jeff Gerner, Salem, argued the cause and filed the brief for appellant.

Dave Frohnmayer, Attorney General, and Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Combustion Engineers.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant appeals from an order of the Employment Appeals Board that affirmed a referee's denial of benefits on the ground that claimant had voluntarily left work without good cause.[1] The sole question is whether the Board's conclusion that claimant lacked good cause to quit his job in North Dakota is legally correct. Applying the law to the undisputed facts, we conclude that it is not.

Claimant was laid off his job in Oregon and began collecting unemployment benefits. Through his own efforts he secured a job in North Dakota. Although he moved to North Dakota to accept the job, he maintained his legal residence in Oregon, where his wife and family lived. While in North Dakota, he supported his family and made payments on his home in Oregon and on other debts. He also paid his living and working expenses in North Dakota. His combined expenses in Oregon and North Dakota exceeded his wages by about $550 monthly. While in North Dakota, he remained on his Oregon union's active hiring list. He was near the top of that list when he quit his North Dakota job after working for two months.

The referee concluded that a reasonable and prudent person of normal sensitivity, exercising common sense, would not have quit the job claimant had in North Dakota:

---

[1] ORS 657.176(2)(c) provides:

"If the authorized representative designated by the assistant director finds that the individual:

" * * * * *

"Voluntarily left work without good cause * * *

" * * * * *

the individual shall be disqualified from the receipt of benefits until the individual has performed service in employment subject to this chapter or as an employe of an employing unit in this or any other state or Canada or as an employe of the Federal Government for which remuneration is received equal to or in excess of the individual's weekly benefit amount in four separate weeks subsequent to the week in which the act causing the disqualification occurred."

OAR 471-30-038(4) provides:

"Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work."

"While claimant may have been going in the hole, at least he was working. It is probable that he was coming much closer to meeting his fixed obligations as a result of his job in North Dakota than if he had remained in Albany [Oregon] and waited to be called from his hiring list."

The Board adopted and affirmed the referee's decision without opinion.

In this context, we review for errors of law; we do not weigh the evidence. *See Sothras v. Employment Division,* 48 Or App 69, 616 P2d 524 (1980). Claimant contends that the facts as found do not support the Board's conclusion that it was unreasonable for him to quit his job in North Dakota when he found that the expenses of working and maintaining two residences exceeded his wages. We agree. As a matter of law, it was not unreasonable for claimant to act as he did. The Board's conclusion to the contrary was error. *See Sothras v. Employment Division, supra.*

Reversed and remanded.