Argued and submitted May 3, reversed August 21, 1991

EMPLOYMENT DIVISION,
*Petitioner,*

*v.*

Alexander J. PELCHAT,
*Respondent,*
*and*

SEARS AUTOMOTIVE,
*Employer.*

(89-AB-1297-A; CA A67128)

816 P2d 636

John T. Bagg, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

Edmonds, J., dissenting.

**RIGGS, J.**

The Employment Appeals Board (EAB) held that claimant was not disqualified from unemployment benefits under ORS 657.176. We reverse.

The facts are not disputed. Briefly stated, three weeks after his wife was laid off from her job, claimant left his employment on the East Coast, because he could not earn enough money to maintain his family. He moved to another state first and, ultimately, to Oregon, seeking new employment without success. He applied for unemployment benefits, which Employment Division (division) denied. Claimant appealed, and the hearing officer found that claimant had left suitable employment without good cause and upheld division's denial of benefits.

Claimant appealed to EAB, which reversed the hearing officer and found that claimant had voluntarily left *unsuitable* work, explaining that claimant did not earn a "living wage" at his former employment. Division requested reconsideration. EAB entered an order denying reconsideration, but said:

> "In the alternative, claimant's situation was so grave that he had no reasonable alternative but to leave work and go somewhere both he and his wife could find employment. *Kuske [v. Employment Division,* 64 Or App 695, 669 P2d 817 (1983)]. We did not address good cause in our previous decision because we concluded the work was unsuitable. However, under either analysis, claimant is entitled to benefits."

■ Division's first assignment of error is that EAB's conclusion that claimant's work was not suitable under ORS 657.190 is an error of law. ORS 657.176(2)(c) disqualifies a claimant from receipt of benefits if he voluntarily leaves suitable work without good cause. *Pauly v. Employment Division,* 74 Or App 479, 482, 703 P2d 991 (1985). ORS 657.190 guides division in its review of suitability by requiring consideration, among other factors, of

> "the degree of risk involved to the health, safety and morals of the individual, the physical fitness and prior training, experience and prior earnings of the individual, the length of unemployment and prospects for securing local work in the

customary occupation of the individual and the distance of the available work from the residence of the individual."

OAR 471-30-036(1) also identifies factors to be considered in deciding work suitability:

"In considering suitable work factors under ORS 657.190 and for purposes of determining eligibility under ORS 657.155(1)(c),[NR1,1] the Administrator may require an individual to actively seek the type of work the individual is most capable of performing due to prior job experience * * *."

OAR 471-30-037(1) provides that, in determining disqualification for benefits,

"the Administrator shall give consideration to the provisions of ORS 657.190 and OAR 471-30-036. If one of the reasons for leaving work or refusing to accept offered work or to apply for work when referred by the Administrator is inadequate rate of pay, the Administrator may consider among other factors under ORS 657.190 the prevailing rate of pay as defined in section (2) of this rule."

Subsection (2) of the rule then defines the prevailing rate of pay as

"that amount paid to the greatest number of workers for similar work in the locality considering the qualifications and experience of the individual in conjunction with fringe benefits or other employe benefits offered by employers in the locality. As a general guideline, if the remuneration being offered to the individual is 10% or more below the prevailing rate of pay thus determined or less than the state legal minimum wage for the type of work being considered, it shall be considered to be substantially less favorable than that prevailing for similar work in the area."

■ ORS 657.190 and the rules require consideration of several factors in determining suitability, all of which relate to the worker's experience, training, risk to health and salary history or to the worker's ability to perform the work because of health or to changes in the job, such as a change in duties or rate of pay. Although ORS 657.190 and the rules allow consideration of "other factors," the other factors must have the same characteristics as those expressly stated by the

---

[1] ORS 657.155(1) establishes eligibility conditions. ORS 657.155(1)(c) requires the individual to be able to work, be available for work and be "actively seeking and unable to obtain suitable work."

legislature. *Springfield Education Assn. v. School Dist.,* 290 Or 217, 233, 621 P2d 547 (1980). Although the prevailing rate of pay has the same characteristics as the factors set out in ORS 657.190, and may be properly considered, a change in a worker's personal financial circumstances that makes a rate of pay inadequate is not properly considered, because it does not have the same characteristics as the factors set out in the statute.

■　In its second order, EAB apparently determined that claimant had good cause for leaving his job. It found that he "had no reasonable alternative but to leave work and go somewhere both he and his wife could find employment." That is ambiguous. It is not clear whether EAB based its good cause conclusion on its view that claimant left *unsuitable* work or whether EAB assumed that the work was *suitable* and concluded, nonetheless, that claimant was justified in leaving. Assuming the former, the conclusion is legally incorrect for the reasons that we have already discussed. If, on the other hand, EAB intended to say that claimant had no other reasonable alternative but to leave suitable work, EAB made an error of law in failing to apply ORS 657.176(2)(c) and OAR 471-30-038(4) correctly to the facts.

　　ORS 657.176(2)(c) requires disqualification for receiving benefits if the claimant voluntarily left work without good cause. OAR 471-30-038(4) defines good cause:

　　"Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work."

OAR 471-30-038(5) provides, in part:

　　"In applying section (4) of this rule:

　　"* * * * *

　　"(b)　Leaving work without good cause includes, but is not limited to:

　　"(A)　Leaving suitable work to seek other work * * *."

　　Claimant admittedly left work for the sole purpose of seeking work elsewhere. EAB's order does not indicate that it

considered OAR 471-30-038(5)(b)(A).[2] It was obliged to do so, because the rule is a clear limitation on EAB's power to find good cause under these circumstances. If, as we have assumed in discussing this interpretation of EAB's order, it found that claimant left *suitable* work to seek other work, EAB could not have found good cause, without having evidence and findings consistent with the requirements of OAR 471-30-038(5). There was no evidence, and EAB made no findings indicating, that claimant had other work waiting anywhere. Neither did EAB's order make any findings about comparative wages in any of the locations. Under the circumstances, EAB's award of benefits was erroneous as a matter of law.

Because of our disposition of the first assignment of error, we need not consider the remaining assignments.

Reversed.

**EDMONDS, J.,** dissenting.

Petitioner argues that EAB made "a mistake of law" in finding that, because of inadequate pay, claimant's work was not suitable under ORS 657.190. The majority holds:

"Although ORS 657.190 and the rules allow consideration of 'other factors,' the other factors must have the same characteristics as those expressly listed by the legislature. *Springfield Education Assn. v. School Dist.,* 290 Or 217, 233 621 P2d 547 (1980). Although the prevailing rate of pay has the same characteristics as the factors set out in ORS 657.190, and may be properly considered, a change in a worker's personal financial circumstances that makes a rate of pay inadequate is not properly considered, because it does not have the same characteristics as the factors set out in the statute." 108 Or App at 398-99.

---

[2] Neither did EAB address OAR 471-30-038(5)(a), which provides an exception to the OAR 471-30-038(5)(b) prohibition against leaving work to seek other work. It provides, in part, that good cause exists to leave work to accept an offer of other work only if

"the offer is definite and the work is to begin in the shortest length of time as can be deemed reasonable under the individual circumstances. Furthermore, the offered work must reasonably be expected to continue, and must pay:

"(A) An amount equal to or in excess of the weekly benefit amount, or

"(B) An amount greater than the work left."

I do not agree that a change in a worker's financial circumstances making the rate of pay inadequate is not "among other factors" that EAB may consider under ORS 657.190. It provides:

> "In determining whether or not any work is suitable for an individual, the assistant director shall consider, among other factors, *the degree of risk involved to the health, safety and morals of the individual, the physical fitness and prior training, experience and prior earnings of the individual, the length of unemployment and prospects for securing local work in the customary occupation of the individual and the distance of the available work from the residence of the individual.*" (Emphasis supplied.)

The majority concedes that the prevailing rate of pay that an employee earns is a factor that may be considered. However, it holds that EAB erred when it took into consideration that claimant's pay became inadequate when his wife lost her job and was unable to obtain another. As a result of the loss of job, EAB found that claimant could no longer afford to pay rent, purchase heating oil during the winter or pay his child support obligation. Those circumstances motivated him to leave his employment and seek employment elsewhere. EAB held that, under those circumstances, claimant was not earning a "living wage" and his employment was "unsuitable." By its holding, the majority ignores the personal tenor of the examples in ORS 657.190. Each example in ORS 657.190 relates to an individual's personal circumstances as they bear on the suitability of particular employment. Similarly, individual financial circumstances have an impact on the suitability of employment. EAB's consideration of claimant's change in personal circumstances was proper, and I would affirm the award of benefits.[1]

I dissent.

---

[1] OAR 471-30-037 supports EAB's recognition that adequacy of pay is "among [the] other factors" to be considered in evaluating the suitability of employment. The rule provides, in pertinent part:

> "[T]he Administrator shall give consideration to the provisions of ORS 657.190 and OAR 471-30-036. If one of the reasons for leaving work or refusing to accept offered work or to apply for work when referred by the Administrator is inadequate rate of pay, the Administrator may consider among other factors under ORS 657.190 the prevailing rate of pay as defined in subsection (2) of this rule."

Petitioner does not challenge the validity of the rule.