Argued and submitted January 13, reversed and remanded for reconsideration
September 22, 1993

Keith D. KLUMB,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION
and Ken Ware Chevrolet,
*Respondents.*

(92-AB-493-A; CA A74838)

858 P2d 1354

David S. Tilton, Coos Bay, argued the cause and filed the brief for petitioner.

Virginia L. Linder, Solicitor General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Ken Ware Chevrolet.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

### DEITS, P. J.

Claimant seeks review of an order of the Employment Appeals Board (EAB) disqualifying him from unemployment compensation benefits because of its finding that he voluntarily left suitable work without good cause. ORS 657.176(2)(c). We reverse and remand for reconsideration.

Claimant worked for employer from July 1 through October 3, 1991 as a car salesperson. During the first 90 days of his employment, he earned a guaranteed minimum salary of $1000 per month. During his last month, defendant sold one and one-half cars, well below his sales quota of eight cars. Claimant discussed his performance with his sales manager, and they both agreed that he was not doing well. At the end of his first 90 days of employment, claimant left his position with employer because he thought that he would be paid on a commissions only basis after that period, and he wanted to find other work that paid better wages. Claimant did not ask employer about being paid solely on commission. Employer did not tell claimant that he would be making at least minimum wages. Claimant applied for and was denied unemployment compensation benefits by the Employment Division (Division). He appealed the denial, and it was upheld by both the hearings officer and EAB because claimant voluntarily left suitable work without good cause.

Claimant assigns as error EAB's finding that he voluntarily left suitable work without good cause. He argues that EAB erred in concluding that the decrease in his rate of pay was not a factor that it should consider in determining whether his work was suitable.

In determining whether work is suitable, EAB must consider

> "the degree of risk involved to the health, safety and morals of the individual, the physical fitness and prior training, experience and prior earnings of the individual, the length of unemployment and prospects for securing local work in the customary occupation of the individual and the distance of the available work from the residence of the individual." ORS 657.190.

At the time claimant filed for unemployment benefits, OAR 471-30-037(1)[1] provided that, in determining possible disqualification for benefits for voluntarily leaving work,

> "the Administrator shall give consideration to the provisions of ORS 657.190 and OAR 471-30-036. If one of the reasons for leaving work * * * is *inadequate rate of pay*, the Administrator may consider among other factors under ORS 657.190 the prevailing rate of pay as defined in section (2) of this rule." (Emphasis supplied.)

Subsection 2 of the rule defines prevailing rate of pay as

> "that amount paid to the greatest number of workers for similar work in the locality considering the qualifications and experience of the individual in conjunction with fringe benefits or other employee benefits offered by employers in the locality. As a general guideline, if the remuneration being offered to the individual is 10% or more below the prevailing rate of pay thus determined or less than the state legal minimum wage for the type of work being considered, it shall be considered to be substantially less favorable then that prevailing for similar work in the area."

EAB denied claimant benefits because it concluded, on the basis of *Employment Div. v. Pelchat*, 108 Or App 395, 816 P2d 636 (1991), that claimant's loss of his guaranteed $1000 per month salary constituted a change in claimant's personal financial circumstance that did not affect the suitability of his work. EAB explained:

---

[1] The rule has since been amended to provide:

"(1)  For the purposes of ORS 657.176(2)(d), work is not suitable if the rate of pay is 10 percent or more below that generally prevailing for similar work in the labor market area. The rate of pay generally prevailing will be determined by employees of the Employment Division local office using at least two sources of information about pay in the labor market area. However, such prevailing rate of pay determination is subject to review and modification upon presentation of satisfactory evidence.

"(2)  In applying the provisions of ORS 657.176(2)(e), and for the purposes of ORS 657.195(1)(b), if inadequate rate of pay was one of the reasons for refusing to accept new work, the work is unsuitable if the rate of pay is 'substantially less favorable' than that generally prevailing for similar work in the locality. The rate of pay will be deemed 'substantially less favorable' if it is ten percent or more or more [*sic*] below that generally prevailing for similar work in the labor market area. The rate of pay generally prevailing for similar work will be determined by employees of the Employment Division local office using at least two sources of information about pay in the labor market area. However, such prevailing rate of pay determination is subject to review and modification upon presentation of satisfactory evidence."

"In *Employment Div. v. Pelchat,* [*supra,*] the Court of Appeals held that changes in a worker's personal financial circumstances, which make a rate of pay inadequate, are 'not properly considered' in an analysis under the 'other factors' language of ORS 657.190 because a change in financial circumstances 'does not have the same characteristics as the factors set out in [ORS 657.190].' 108 Or App at 399.

"Claimant's loss of his guaranteed $1,000 per month salary consitutes [*sic*] a change in claimant's personal financial circumstances within the meaning of *Pelchat.* We reject claimant's suitability argument to the extent that [it] is based on earnings."

We conclude, however, that EAB's reliance on *Pelchat* was misplaced. In *Pelchat,* we said that

"the rules require consideration of several factors in determining suitability, all of which relate to the worker's experience, training, risk to health and salary history or to the worker's ability to perform the work because of health or to changes in the job, *such as a change in duties or rate of pay.*" (Emphasis supplied.)

We held that EAB should not have considered the claimant's personal financial circumstances created by his wife's loss of her job to determine whether the job claimant voluntarily left was unsuitable work, because personal financial circumstances are not relevant in determining whether a job is suitable. A change in the rate of pay for claimant's job is a different matter that does relate to the factors identified in the pertinent statute and rules. We conclude that that fact was relevant to a determination of the suitability of claimant's work. Accordingly, EAB erred in failing to consider the change in claimant's rate of pay before determining whether his sales position was suitable work, and we remand to EAB for reconsideration of that issue.

Reversed and remanded for reconsideration.