Argued and submitted April 19, reversed and remanded for reconsideration
June 7, 1995

## EMPLOYMENT DEPARTMENT
and Union Gospel Ministries of Portland,
*Petitioners,*

*v.*

## Lula F. VITKO,
*Respondent.*

## (94-AB-1430, 94-AB-1509; CA A84938)

896 P2d 611

Robert M. Atkinson, Assistant Attorney General, argued the cause for petitioner Employment Department. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia M. Linder, Solicitor General.

William B. Russell argued the cause and filed the brief for petitioner Union Gospel Ministries of Portland.

No appearance for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

**EDMONDS, J.**

Union Gospel Ministries of Portland (employer) and the Employment Department (department) seek review of an Employment Appeals Board (EAB) order, which granted claimant's claim for unemployment benefits. Because EAB's order fails to address the various issues raised by the parties, we reverse and remand for reconsideration.

Employer is a nonprofit, tax-exempt Oregon corporation founded in 1927. Claimant worked for employer from July 10, 1984, until she was discharged effective December 31, 1993. After her discharge, claimant filed for unemployment benefits. Department denied her claim, because it determined that she was a "commissioned minister" and, therefore, she was exempt from coverage under ORS 657.072-(1)(b)[1] and OAR 471-31-090.[2]

Claimant appealed department's initial determination. The Administrative Law Judge (ALJ) upheld department's determination. Claimant then appealed to EAB. She argued that her "commission" was, in essence, a sham. EAB did not address that argument. Instead, it determined that ORS 657.072(1)(b) violated Article I, sections 2 and 3, of the Oregon Constitution because it grants a preference to certain, but not all, religious organizations.[3] It reasoned:

"ORS 657.072(1)(b), on its face, would exempt organizations from the requirement of paying unemployment payroll taxes on remuneration provided to ministers that are 'ordained,

---

[1] ORS 657.072(1)(b) provides:

"(1) 'Employment' does not include service performed:

"(b) By a duly ordained, commissioned or licensed minister of a church in the exercise of ministry or a member of a religious order in the exercise of duties required by such order * * *."

[2] OAR 471-31-090(1) provides, in part:

"As used in ORS 657.072 and this rule:

"(a) an 'ordained, commissioned, or licensed minister' is one who is vested with ministerial status in accordance with the procedure followed by a particular church or *religious organization* * * *." (Emphasis supplied.)

[3] Article I, sections 2 and 3, of the Oregon Constitution provide, respectively:

"All men shall be secure in the Natural right, to worship Almighty God according to the dictates of their own consciences."

"No law shall in any case whatever control the free exercise and enjoyment of religeous (sic) opinions, or interfere with the rights of conscience."

commissioned or licensed' in accordance with the procedure followed by a particular church denomination, without providing a similar exemption for organizations that employ an individual who performs similar services, but is not so affiliated with a church."

*See Employment Div. v. Rogue Valley Youth for Christ,* 307 Or 490, 770 P2d 588 (1989) (holding that Oregon must treat all religious organizations similarly for unemployment tax purposes under the Oregon Constitution, whether or not they qualify as churches under 26 USC § 3301 *et seq* and ORS 657.072(1)(a)).

Both department and employer sought reconsideration by EAB. They argued that OAR 471-31-090(1), when read with ORS 657.072(1)(b), avoids any constitutional difficulties. EAB issued a second ruling from which department and employer seek review. In that ruling, EAB reiterated its holding that ORS 657.072(1)(b) violates Article I, sections 2 and 3, of the Oregon Constitution. It said:

"Because we conclude that ORS 657.072(1)(b) violates Article I, sections 2 and 3 of the Oregon Constitution, we find it unnecessary to determine whether the ALJ erred by concluding that claimant was a 'minister' engaged in the 'exercise of ministry,' as those terms are used in ORS 657.072(1)(b) and OAR 471-31-090."

On review, employer and department argue that EAB erred by not addressing the effect of the rule.[4] They contend that "the rule harmonizes the statute with the constitutional requirement of sectarian neutrality," so that churches and religious organizations are treated identically. However, the predicate to the application of the statute and the rule is a finding that the claimant is an "ordained, commissioned or licensed minister" in accordance with the procedure followed by the pertinent organization.

"Constitutional issues should not be decided when there is an adequate statutory basis for a decision." *Planned Parenthood Ass'n v. Dept. of Human Res.,* 297 Or 562, 564, 687 P2d 785 (1984). ORS 183.470 sets forth the requirements for an order in a contested case. Subsection (2) reads:

"A final order shall be accompanied by findings of fact and

---

[4] No party has urged that the rule exceeds department's authority.

conclusions of law. The findings of fact shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order.''

In *Reynolds School Dist. v. Martin*, 30 Or App 39, 43-44, 566 P2d 196 (1977), we said:

"In order that we may fulfill our function of review, we have construed ORS 183.470 to require an explicit statement of the facts found to be true, the principles of law which control the decision, and the rational relationship between the facts and conclusions * * *.'' (Citations omitted.)

Because EAB's order declined to consider whether claimant is a "minister" as defined by the statute and the rule, we are unable to determine whether claimant's claim could be resolved on an adequate statutory basis without resorting to constitutional issues. Moreover, EAB did not address the argument that the administrative rule affects the constitutionality of the statute, a function that should initially be performed by the agency.[5] *Springfield Education Assn. v. School Dist.*, 290 Or 217, 226-28, 621 P2d 547 (1980). On remand, EAB should make appropriate findings about claimant's status and determine whether the statute and the rule are applicable. If they are, then EAB should consider the other arguments.

In light of our disposition of this issue, we need not address employer's and department's remaining arguments.

Reversed and remanded for reconsideration.

---

[5] We express no opinion as to the validity of OAR 471-31-090(2) or whether an agency can interpret a statute by rule so as to render it constitutional. *But see Miller v. Employment Division*, 290 Or 285, 620 P2d 1377 (1980) (holding a rule limiting church employment exemption invalid where it conflicts with express language of statute and legislative policy).