Submitted on records and briefs September 3, 1999, reversed and remanded for reconsideration March 8, 2000

Niki L. HOWARD,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Lane Community College,
*Respondents.*

(98-AB-1164; CA A102843)

996 P2d 527

Niki L. Howard filed the brief *pro se.*

Hardy Myers, Attorney General, David Schuman, Deputy Attorney General, and Philip Schradle, Assistant Attorney General, waived appearance for respondent Employment Department.

Timothy J. Harold, and Harold, Leahy, Trudeau & Kieran waived appearance for respondent Lane Community College.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

Claimant seeks review of a decision of the Employment Appeals Board (EAB) that disqualified her from receiving unemployment benefits on the ground that she quit work without good cause. ORS 657.176(2)(c).[1] We review to determine whether the EAB has adequately explained its reasoning in its opinion, ORS 183.482(8), and reverse and remand for reconsideration.

We state the facts as found by the EAB: Claimant worked full time as a social services manager at a Eugene nursing home, work for which she earned $13 per hour. In addition, claimant was a part-time instructor for Lane Community College (employer). She taught a one-hour-per-week class for employer at the nursing home, for which she earned $15 per week. Claimant's full-time employer laid her off on August 1, 1997. The term for claimant's class ran until September 8, 1997, and claimant was scheduled to teach the class during the next term. On September 16, 1997, claimant moved to Astoria to look for work, after she unsuccessfully attempted to obtain full-time employment in Eugene. Claimant was unable to arrange with the community college in Astoria to teach a similar class. She sought unemployment benefits from employer.

On March 19, 1998, a representative of the Employment Department issued an administrative decision denying claimant benefits, concluding that she had voluntarily left her work with employer without good cause. Claimant requested a hearing, after which the administrative law judge concluded that claimant had good cause for quitting

---

[1] ORS 657.176 provides, in part:

"(2) An individual shall be disqualified from the receipt of benefits * * * if the authorized representative designated by the director finds that the individual:

"* * * * *

"(c) Voluntarily left work without good cause;

"(d) Failed without good cause to apply for available suitable work when referred by the employment office or the director;

"(e) Failed without good cause to accept suitable work when offered[.]"

her job with employer and was not disqualified from receiving benefits. Employer appealed to the EAB. In concluding that claimant was disqualified from receiving benefits, the EAB reasoned:

"Claimant quit work to move from Eugene to Astoria to look for work. Claimant taught one class per week for Lane County Community College at the nursing home where she had other full-time employment. On August 1, 1997, claimant's full-time employer laid her off work, leaving claimant with only the one hour of work per week. Claimant decided to move to Astoria, Oregon, in order to look for work in her field.

"We are not persuaded that claimant's employment with Lane Community College was unsuitable. Claimant did not identify any risks to her health, safety or morals associated with her teaching position. Claimant's prior training and experience were extensive. Claimant had taught for the employer for five years. Claimant even sought a similar teaching position at Cla[tsop] Community College. *Nor do claimant's prior earnings indicate that claimant's teaching position was unsuitable. Claimant's other full[-]time employment had paid $13.00 per hour. Claimant's teaching position with the employer actually paid two dollars more per hour.*

"Claimant asserted that her expenses exceeded her remuneration she received for teaching the class. * * * However, claimant did not identify any expenses associated with her class preparation or commute to work. We are not persuaded that claimant's cost of work exceeded $15.00 per week. Even if claimant's expenses exceeded her remuneration, that did not make her teaching position unsuitable. Personal financial circumstances do not render employment unsuitable. *Employment Div. v. Pelchat*, 108 Or App 395, 816 P2d 636 (1991). For these reasons, we conclude that claimant quit suitable work."[2] (Emphasis added.)

---

[2] The dissenting member of the EAB opined:

"I am not persuaded that claimant quit work solely to move or to look for other work. I am persuaded that claimant quit work because her expenses associated with working exceeded her pay. Thus, I believe the general standard should be applied to claimant's case. I am persuaded that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would not continue working at a job that cost more to attend than she was earning. I am also persuaded that claimant had no reasonable alternative but to quit work. I would conclude that claimant quit work for good cause and that claimant is qualified to receive unemployment insurance benefits."

Claimant seeks review of the EAB's decision by this court. She argues that the costs of teaching the class for employer exceeded the $15 that she could have earned each week and that she relocated to another community to seek full-time employment. We understand claimant's arguments to mean that she is challenging the reasonableness of the EAB's conclusion that she voluntarily left work without good cause when she quit her work for employer to seek other work.

■     ORS 657.190 provides:

"In determining whether or not any work is suitable for an individual, the Director of the Employment Department shall consider, among other factors, the degree of risk involved to the health, safety and morals of the individual, the physical fitness and prior training, experience and *prior earnings of the individual*, the length of unemployment and prospects for securing local work in the customary occupation of the individual and the distance of the available work from the residence of the individual." (Emphasis added.)

OAR 471-030-0038 provides, in part:

"(4)   Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. * * * For all individuals, the reason must be of such gravity that the individual has no reasonable alternative but to leave work.

"(5)   In applying section (4) of this rule:

"* * * * *

"(b)   Leaving work without good cause includes, but is not limited to:

"(A)   Leaving suitable work to seek other work[.]"[3]

To determine whether substantial reason supports a determination, it is necessary that an agency articulate a rational connection between the facts it finds and the legal conclusion

---

[3] We do not discern that any other rules concerning the suitability of work, *see* OAR 471-030-0037 and OAR 471-030-0038(6), or concerning the role of a reduction in rate of pay or hours in the good cause determination, *see* OAR 471-030-0038(5)(d) and (e), control the outcome of this case.

that it draws from those facts. *Drew v. PSRB*, 322 Or 491, 500, 909 P2d 1211 (1996); *Employment Dept. v. Piercy*, 142 Or App 232, 920 P2d 1129 (1996).

■     At issue is whether claimant left employment with employer for "good cause" within the meaning of the statutes and the rules. If she did not, then claimant is not entitled to unemployment benefits. In its opinion, the EAB reasoned that claimant's prior earnings did not demonstrate that the part-time job with employer was "unsuitable." The EAB compared the rate of pay that claimant had earned at her full-time job with the rate of pay earned at the part-time job with employer. Those considerations were appropriate under the statute. However, the EAB did not explain in its opinion why claimant's one-hour-per-week job, which was her only job and at which she earned a weekly total of $15, was "suitable" work within the meaning of the statute.

The EAB appears to rely, at least in part, on *Pelchat* for the proposition that, even if claimant's costs for teaching the class exceeded her remuneration, her personal financial circumstances do not make employment unsuitable. In *Pelchat,* the claimant had left suitable employment because his wife had been laid off from her job, causing his earnings to be insufficient to support his family. We reasoned in *Pelchat* that, in determining "suitability," ORS 657.190 and the rules in effect at that time required the consideration of factors "which relate to the *worker's* experience, training, risk to health and *salary history* or to the *worker's* ability to perform the work because of health or to changes in the job, such as a change in duties or rate of pay." 108 Or App at 398 (emphasis added). We held that a change in a worker's spouse's job that made the rate of the worker's pay inadequate was a personal financial circumstance that was not a factor that could be properly considered under the statute.

To the extent that the EAB relies on *Pelchat* to support its conclusion that the absence of income from claimant's own employment is not a proper consideration, that reliance is misplaced. Although there is language in *Pelchat* that could be understood as stating that any change in a worker's

personal financial circumstances is not a proper consideration under the statute, the holding of *Pelchat* should be confined to its facts. *See Klumb v. Employment Div.*, 123 Or App 295, 858 P2d 1354 (1993) (holding that a change in the claimant's rate of pay was a factor that EAB had to consider in determining whether the claimant's work was suitable). In this case, the EAB correctly identified that claimant's prior earnings are a factor to consider under the statute; however, it failed to explain how the fact that claimant was left with a part-time job that paid her $15 per week leads to its conclusion that she terminated her employment with employer without good cause.

Reversed and remanded for reconsideration.