Submitted July 2, reversed and remanded for reconsideration August 12, 2000

## Terri L. HANSHEW,
*Petitioner,*

*v.*

## EMPLOYMENT DEPARTMENT,
*Respondent.*

Employment Appeals Board
08AB2363; A140964

214 P3d 833

Terri Hanshew filed the brief *pro se.*

Denise G. Fjordbeck, Attorney-in-Charge, Civil/Administrative Appeals, waived appearance for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

**EDMONDS, P. J.**

Claimant filed a request for unemployment compensation after her employment ended on September 12, 2008. The Employment Appeals Board (EAB) denied her request for benefits, ruling that claimant was not available for work as ORS 657.155(1)(c) requires. Claimant seeks judicial review of EAB's decision. ORS 657.282 provides that judicial review of EAB decisions shall be as provided for review of orders in contested cases in ORS chapter 183. ORS 183.470(2) provides that an order in a contested case shall be accompanied by a "concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order." Compliance with ORS 183.470(2) enables this court to conduct a meaningful review. In light of those standards, we remand for reconsideration.

EAB made the following findings:

"(1)   Claimant filed an initial claim for benefits on September 30, 2008. She filed weekly claims for benefits during the weeks including September 21, 2008 to October 25, 2008 (weeks 39-08 to 43-08), the weeks at issue.

"(2)   Claimant's labor market includes La Pine and Bend. Claimant lived in La Pine. She did not have transportation to Bend. Public transportation was available between La Pine and Bend each day between 5:15 a.m. to 5:55 p.m.

"(3)   Claimant sought work as a housekeeper, cashier, retail salesperson, and fast food worker. In claimant's labor market, housekeeping work was performed all days during the day shift. Cashier and retail sales work were performed all days, all shifts. Fast food work was performed all days between 8:00 a.m. and 10:00 p.m.

"(4)   Claimant had lived in La Pine for 20 years. Claimant did not know the city of Bend. Claimant believed she would be lost if she took public transportation to Bend to search for or attend work."

Under its conclusions and reasons, EAB explained its ruling denying claimant unemployment benefits.

"To be eligible to receive benefits, unemployed individuals must be able to work, available for work, and actively seek work during each week claimed. ORS 657.155(1)(c). At issue in this case is claimant's availability to work.

"* * * * *

"Claimant limited her work search activities to La Pine, Oregon. She did not seek work in Bend, Oregon. If she obtained work in Bend, she was not capable of transporting herself to work in that city, and was not willing to take public transportation into that city. Accordingly, claimant was not capable of accepting and reporting for work opportunities within her labor market.

"Because claimant was not willing to work throughout her labor market, or capable of reporting for work throughout her labor market, she was not 'available for work' as required. Claimant is not eligible to receive unemployment insurance benefits during the weeks in issue."

We understand EAB to have reasoned that claimant was not "available for work" within the meaning of the statute because she was not willing to take public transportation into Bend, a city that, according to the record, was 24 miles north of claimant's residence in La Pine. The record shows that claimant looked for work in La Pine and was unsuccessful. Claimant explained,

"If it's in La Pine, I don't need transportation. I walk everywhere I go. As far as Bend, I've never had to go to Bend to go to work yet. And I do not know Bend. So, even if I rode in on the shuttle, I'd be lost."

When asked by the administrative law judge, "Now that you know Bend is part of your labor market, how do you intend to look for work in that area," claimant responded, "I really couldn't tell you because I'm on the verge of being kicked out of my home because I can't pay my rent. So I don't have money to give anybody for anything."

On review, claimant contends that she did not testify that she was unwilling to take public transportation to Bend but rather that she did not have the means to pay for public transportation. In her brief, she argues that she is willing to travel to Bend to look for work but that she has no means of transportation from La Pine, where no work was available.

In her view, the law should not disqualify her from benefits when she is willing to work but does not have the financial resources to travel to a locale that EAB has ruled is within her work area. The Employment Department has declined to file a brief in this matter.

In light of claimant's arguments, we turn to the governing statute and administrative rule. ORS 657.155(1)(c) provides:

> "An unemployed individual shall be eligible to receive benefits with respect to any week only if the assistant director finds that:
>
> "* * * * *
>
> "(c) The individual is able to work, is available for work, and is actively seeking and unable to obtain suitable work."

OAR 471-030-0036(3) provides:

> "For purposes of ORS 657.155(1)(c), an individual shall be considered available for work if, at a minimum, he or she is:
>
> "(a) Willing to work full time, part time, and accept temporary work opportunities, during all of the usual hours and days of the week customary for the work being sought, unless such part time or temporary opportunities would substantially interfere with return to the individual's regular employment; and
>
> "(b) Capable of accepting and reporting for any suitable work opportunities within the labor market in which work is being sought, including temporary and part time opportunities; and
>
> "(c) Not imposing conditions which substantially reduce the individual's opportunities to return to work at the earliest possible time; and
>
> "(d) Physically present in the normal labor market as defined by section (6) of this rule, every day of the week * * *."

Our search of the record reveals no direct testimony in the record that claimant was unwilling to work in Bend. Rather, there is only evidence of her concern about getting

lost in Bend and that she did not have money to purchase public transportation in order to travel between Bend and La Pine, which was the only way she could travel to Bend to find work. In the abstract, it is possible that EAB drew an inference from claimant's testimony that she was unwilling to work in Bend, but EAB does not explain in its opinion why its findings of underlying fact support that inference, as ORS 183.470(2) requires.

Moreover, EAB ruled that claimant was not "capable of reporting for work throughout her labor market." We understand EAB to mean that, for purposes of ORS 657.155(1)(c) and OAR 471-030-0036(3)(b), claimant does not satisfy the standards of being available for work because she is not capable of accepting and reporting for any suitable work opportunities within the labor market within which work is being sought. However, EAB does not explain why claimant is incapable of accepting and reporting for work in Bend. If EAB means to hold that claimant's inability to fund her transportation to Bend renders her incapable of work within the meaning of the statute and the rule, then EAB must explain in its opinion why those provisions contemplate that result. In other words, it must explain why claimant's circumstances disqualify her for unemployment benefits in light of the requirement in ORS 657.155(1)(c) that, "[t]he individual is able to work, is available for work, and is actively seeking and unable to obtain suitable work." For the reasons expressed above, we are unable to conduct a meaningful review of EAB's order as contemplated by ORS 183.470(2), and remand is necessary for EAB to further explain its holding.

Reversed and remanded for reconsideration.