Submitted November 5, 2010, reversed and remanded for reconsideration May 18, 2011

Tom D. OPP,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Youssef, Inc.,
*Respondents.*

Employment Appeals Board
10AB0657; A145486

259 P3d 15

Frank E. Hudson filed the brief for petitioner.

Denise G. Fjordbeck, Attorney-in-Charge, Civil/Administrative Appeals, waived appearance for respondent Employment Department.

No appearance for respondent Youssef, Inc.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Landau, Judge pro tempore.

SERCOMBE, J.

**SERCOMBE, J.**

Claimant seeks judicial review of a final order of the Employment Appeals Board (EAB) denying his claim for unemployment benefits. Claimant quit his job because he felt aggrieved by certain labor practices of his employer. He subsequently applied for unemployment benefits. The Employment Department denied his claim, and claimant requested a hearing before an administrative law judge (ALJ). After the hearing, the ALJ affirmed the denial of benefits, concluding that claimant had left work without good cause and thus was disqualified from receiving unemployment benefits. Claimant appealed, and the EAB affirmed the ALJ's decision "without opinion." On review, claimant contends that the EAB erred in rendering a final order without making findings of fact and supplying reasons in support of its conclusion. Claimant also contends that the "ALJ (and hence the EAB) erred in finding that petitioner voluntarily left work without good cause." We conclude that the EAB failed to make findings and conclusions necessary to facilitate judicial review of its order. Consequently, we remand for the EAB to make findings of fact and conclusions of law. Because we remand based on claimant's first assignment of error, we do not reach claimant's other contention.

The EAB's order was summary. After recounting the procedural history of the claim, the order provided only:

"EAB considered claimant's written argument to the extent the argument was based upon the hearing record.

"EAB reviewed the entire hearing record. On *de novo* review and pursuant to ORS 657.275(2), [the ALJ's decision] is **affirmed without opinion**."

(Boldface in original.)

ORS 657.282 provides that judicial review of EAB decisions "shall be as provided for review of orders in contested cases in ORS chapter 183." ORS 183.482, in turn, confers on the Court of Appeals jurisdiction for judicial review of contested cases and defines the scope of the court's authority. That authority includes, among other things, record review

for substantial evidence. ORS 183.482(8)(c). In order to facilitate meaningful review under those standards, ORS 183.470(2) provides that

"[a] final order shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order."

The EAB is not exempt from that requirement. *Cf.* ORS 183.315(3) (explaining that the EAB is exempt from certain other provisions of ORS chapter 183).

Here, the EAB made no findings of fact or conclusions of law and supplied no explanation whatsoever for its ruling. Although the EAB is entitled to adopt the findings and conclusions of the ALJ, *see* ORS 657.275 ("The board may enter its own findings and conclusions or may adopt the findings and conclusions of the administrative law judge, or any part thereof."), it did not purport to do so here. Rather, it merely affirmed the ALJ's ultimate disposition of the case. That action made meaningful judicial review impossible. Moreover, if the EAB makes no findings, *ipso facto* its order cannot be supported by substantial reason.

Because the EAB's order was entirely devoid of findings or conclusions, it is insufficient to meet the standards of ORS 183.470(2). Accordingly, we must remand to the EAB to make findings and explain how those findings support its conclusion. *See, e.g., Hanshew v. Employment Dept.*, 230 Or App 286, 291, 214 P3d 833 (2009) (remanding case to the EAB for further explanation of its holding where the court was "unable to conduct a meaningful review of EAB's order as contemplated by ORS 183.470(2)"); *Gray v. Western Panel Mfg*, 163 Or App 151, 155-56, 986 P2d 1249 (1999) ("[I]f the Board found no facts to support its decision, we would have to remand the case to the Board for it to make findings."); *Employment Dept. v. Piercy*, 142 Or App 232, 236, 920 P2d 1129 (1996) ("Because we cannot determine the basis for EAB's [decision], we remand for reconsideration."); *Employment Dept. v. Vitko*, 134 Or App 641, 896 P2d 611 (1995) (remanding case where EAB failed to make findings on certain issues consistently with the directives in ORS 183.470(2)); *Jackson*

*County v. Employment Div.*, 99 Or App 719, 784 P2d 119 (1989) (remanding case where EAB failed to make findings as to each contested issue of fact).

Reversed and remanded for reconsideration.