Submitted June 3, reversed and remanded for reconsideration July 13, 2011

Kofi KYEI,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Salem-Keizer Public Schools,
*Respondents.*

Employment Appeals Board
10AB0774; A145341

260 P3d 652

Kofi Kyei filed the brief *pro se*.

Denise G. Fjordbeck waived appearance for respondent Employment Department.

No appearance for respondent Salem-Keizer Public Schools.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Claimant seeks review of an order of the Employment Appeals Board (board) affirming without opinion the decision of an administrative law judge (ALJ) denying his claim for unemployment benefits because "[c]laimant voluntarily quit work without good cause." On review, claimant raises a number of contentions concerning purported procedural irregularities that we reject without discussion. We write only to address claimant's contentions that the board erred in affirming the ALJ's determination that he voluntarily quit work without good cause because that determination was not supported by substantial evidence or substantial reason and was legally erroneous. Because we conclude that the board's order is inadequate for judicial review, we reverse and remand for reconsideration without addressing the merits of whether claimant left work without good cause.

We take the basic facts from the ALJ's order:

"(1)  Salem-Keizer Public Schools employed claimant from May 19, 2008 to August 24, 2009. Claimant quit work on August 24, 2009, because he did not have housing in the Salem area.

"(2)  During employer's summer break, claimant moved from Salem to the Newport area because he had friends who were willing to provide him with housing.

"(3)  In August 2009, claimant contacted a church and friends for financial help so he could move back to Salem. None of those sources [was] willing to give claimant financial assistance."

In light of those facts, the ALJ concluded that claimant "voluntarily quit work without good cause." Specifically, the ALJ reasoned that

"[c]laimant failed to establish he faced a situation so grave that he had no reasonable alternative but to leave work. Claimant's friends, and the church he contacted, may not have been willing to financially assist claimant. However, *claimant did not present any affirmative evidence,*[1]

---

[1] During the hearing, claimant testified that he quit his position as a bus driver because he simply could not afford to live in Salem even if he continued working. Specifically, claimant testified:

*beyond asking for financial assistance, that he tried to find suitable housing or transportation that would have allowed him to continue working for employer."*

(Emphasis added.)

Claimant appealed to the board. The board did not adopt the ALJ's findings and conclusion but, instead, simply affirmed the ALJ's order without opinion. Claimant sought reconsideration, which the board denied because claimant "failed to identify a material error of fact or law."

This case is materially indistinguishable from *Opp v. Employment Dept.*, 242 Or App 673, 259 P3d 15 (2011). In that case, we reasoned that, where the board affirms an ALJ's decision without opinion, "meaningful judicial review [is] impossible." *Id.* at 676. Specifically, we held that, "[b]ecause the EAB's order was entirely devoid of findings or conclusions, it [was] insufficient to meet the standards of ORS 183.470(2)." *Id.*

Here, as in *Opp*, the board affirmed the ALJ's order without opinion. Further, in remanding, we note for the board's consideration claimant's assertion on review that the ALJ's characterization (emphasized above) that he had failed to present "affirmative evidence" regarding his efforts to secure suitable housing or transportation cannot be reconciled with claimant's testimony at the hearing. Accordingly, as in *Opp*, we remand this case to the board to make findings and explain how those findings support its conclusion.

Reversed and remanded for reconsideration.

---

"I was too far away to commute. I was several hours away. You know, I did not have a ride and also I had had to move out of Salem. I couldn't afford to live in Salem and I couldn't afford to come back, and my attempts to find temporary housing or emergency housing was rebuffed and I was put on multiple waiting lists. And I still haven't heard today from those waiting lists."