Submitted April 13, reversed and remanded for reconsideration August 3, 2011

Denisa SWARTOUT,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Timber Products Company,
*Respondents.*

Employment Appeals Board
10AB0188; A145069

260 P3d 809

Carolyn A. Anderson and Anderson Bradley Krant, P.C., filed the brief for petitioner.

Denise G. Fjordbeck, Attorney-in-Charge, Civil/Administrative Appeals, waived appearance for respondent Employment Department.

No appearance for respondent Timber Products Company.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

Claimant petitions for judicial review of an Employment Appeals Board order denying claimant unemployment benefits. In denying claimant unemployment benefits, the administrative law judge (ALJ) had found that claimant was ineligible for unemployment benefits because she voluntarily left work without good cause. ORS 657.176(2)(c). The board affirmed the ALJ "without opinion." Specifically, after recounting the procedural history of the claim, the board's order provided:

"Claimant submitted a written argument that contained information that was not part of the record. In accordance with ORS 657.275(2) and OAR 471-041-0090 (October 29, 2006), we considered only information received into evidence at the hearing when reaching our decision in this matter.

"EAB reviewed the entire hearing record. On *de novo* review and pursuant to ORS 657.275(2), Hearing Decision 09-UIB-28933 is **affirmed without opinion**."

(Boldface in original.)

We recently reversed an order by the board that was substantially similar to the order in this case, explaining that

"the [board] made no findings of fact or conclusions of law and supplied no explanation whatsoever for its ruling. Although the [board] is entitled to adopt the findings and conclusions of the ALJ, *see* ORS 657.275[(2)] ('The board may enter its own findings and conclusions or may adopt the findings and conclusions of the administrative law judge, or any part thereof.'), it did not purport to do so here. Rather, it merely affirmed the ALJ's ultimate disposition of the case. That action made meaningful judicial review impossible. Moreover, if the [board] makes no findings, *ipso facto* its order cannot be supported by substantial reason."

*Opp v. Employment Dept.*, 242 Or App 673, 676, 259 P3d 15 (2011). Accordingly, we reversed and remanded to the

board for reconsideration. *Opp* is controlling. The board's order is not supported by substantial reason.[1]

Reversed and remanded for reconsideration.

---

[1] Because the issue will likely arise on remand, we note that the ALJ reasoned that, although claimant labored under a "corporate culture that was hostile to women employees," claimant did not have good cause for leaving work because two other women employees did not quit their jobs until they found other jobs. However, an employee is not required to sacrifice "all other than economic objectives and * * * endure racial, ethnic, or sexual slurs or personal abuse, for fear that abandoning an oppressive situation" will disqualify the employee from unemployment benefits. *McPherson v. Employment Division*, 285 Or 541, 557, 591 P2d 1381 (1979); *Londahl v. Employment Division*, 72 Or App 366, 370, 695 P2d 1388 (1985).