No. 126 February 22, 2024 149

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CLACKAMAS COUNTY EMPLOYEES' ASSOCIATION,
*Petitioner,*

*v.*

CLACKAMAS COUNTY,
*Respondent.*

Employment Relations Board
UP01018; A176736

Argued and submitted on September 15, 2022.

Kevin N. Keaney argued the cause and filed the briefs for petitioner.

Andrew M. Narus argued the cause for respondent. Also on the brief was Stephen L. Madkour and Clackamas County Counsel.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

This case is presented to us for a second time. Petitioner Clackamas County Employees' Association (the Association) seeks judicial review of an Employment Relations Board (ERB) order on remand that dismissed its complaint. In its assignment of error, the Association contends that the order on remand is not supported by substantial reason. For the following reasons, we affirm.

"We review ERB's order for substantial evidence and substantial reason." *Clackamas County Employees' Assn. v. Clackamas County*, 308 Or App 146, 149, 480 P3d 993 (2020) (*Clackamas County I*). "Substantial reason requires us to review the reasoning that led ERB from [the] facts to its conclusions and evaluate whether that reasoning reflects a correct interpretation of the law." *Id.*

We begin by recounting the relevant procedural history. In *Clackamas County I*, we reviewed the ERB order that dismissed the Association's claims. *Id.* at 149. The Association contended that respondent Clackamas County (the county) violated ORS 243.672(1)(a) when it reprimanded Morales, an elected Association member, for sending an insulting email to another employee.[1] *Id.* at 147-49. As to the Association's first claim, we concluded that substantial evidence supported ERB's determination that Morales was not engaged in protected activity when he sent the email. *Id.* at 151.

However, we concluded that ERB's resolution of the Association's second claim—that the reprimand would deter other employees from engaging in protected activity—was not supported by substantial reason. *Id.* at 152-54. Consequently, we remanded the case for ERB to apply the appropriate legal test. *Id.* at 154. We explained that "[t]he question is simply whether, from an objective standpoint and in the context of the surrounding circumstances, the employer's action would have the natural and probable effect of chilling a union member from exercising the member's protected rights." *Id.* at 153.

---

[1] ORS 243.672(1)(a) provides, in relevant part, that "[i]t is an unfair labor practice for a public employer or its designated representative to * * * [i]nterfere with, restrain or coerce employees in or because of the exercise of" protected activity.

On remand, ERB considered the facts from an objective standpoint and concluded that the reprimand "would not have the natural and probable effect of chilling Morales or bargaining unit employees in the exercise of protected activity" and dismissed the complaint. ERB considered the particular circumstances here, including that the county had a history of not disciplining Morales when he used harsh language against managers and supervisors while clearly engaging in protected activity.[2] Moreover, ERB observed that the county did not reprimand Morales until after it had concluded that he was not engaged in protected activity and that the reprimand was "proportionate and consistent with its treatment of other employees for similar policy violations." Ultimately, ERB concluded that "[i]n light of that track record, it would not be objectively reasonable for an employee to infer that they would be disciplined for using harsh language *when engaged in vigorous representation*" and that "it [was] unlikely that an employee would naturally and probably be deterred from continuing to engage in vigorous representation or other protected activity." (Emphasis in original.)

In its assignment of error on judicial review, the Association contends that the order on remand lacks substantial reason because ERB failed to consider, as a part of the "particular circumstances," Morales's "reasonable belief" that he was engaging in protected labor activity when he sent the email. The Association asserts that, had ERB considered that particular circumstance, "it would have had to conclude that the natural and probable effect of the discipline is to chill protected activity."

We reject the Association's argument. First, considering Morales's personal belief that he was engaging in protected labor activity would transform the objective standard into a subjective one, a position that the Association

___

[2] ERB relied, in relevant part, on the following findings:

"Significantly, it is undisputed that, at the time of the discipline, Morales had engaged in vigorous representation of employees for many years; that he had frequently used comparably harsh (or even harsher) language against managers and supervisors when engaged in such activity; and that the County never disciplined Morales for using harsh language when he was engaged in protected activity—even when the targets of the language complained."

itself recognizes is incorrect under *Clackamas County I*, 308 Or App at 153. Moreover, even though we stated that Morales "continued to believe" that he was representing another employee in a disciplinary proceeding the week that he sent the email, ERB found that the email was not factually connected to his work as a union representative, and we affirmed that finding as supported by substantial evidence. *Id.* at 148, 151. Nonetheless, the Association does not attempt to reconcile its factual position with ERB's factual finding or our previous opinion.

Here, the order on remand demonstrates that ERB considered the relevant circumstances—including those identified in *Clackamas County I*, 308 Or App at 154—and applied the correct objective test. Specifically, ERB thoroughly explained why the reprimand—when viewed objectively in light of Morales's prior conduct using "comparably harsh (or even harsher) language" while engaging in union activity that did not result in discipline—would not deter employees from engaging in protected activity. Because ERB rationally connected its findings to its conclusion and its reasoning reflects a correct interpretation of the law, we conclude that it did not err. *See Howard v. Employment Dept.*, 166 Or App 39, 43-44, 996 P2d 527 (2000) ("[I]t is necessary that an agency articulate a rational connection between the facts it finds and the legal conclusion that it draws from those facts.").

Affirmed.